IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:19-cv-1963-MN |
| ) | |
| UNIVERSITY OF DELAWARE, BOARD ) | |
| OF TRUSTEES OF THE UNIVERSITY OF ) | |
| DELAWARE, and DANICA MYERS, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff John Doe ("Doe"), by and through his undersigned counsel, hereby moves this Court pursuant to Fed. R. Civ. Pro. Rule 10 and decisional law authority for Court permission to proceed under a pseudonym in order to maintain anonymity in this sensitive, personal matter, based upon the following:

1. Doe is a former University of Delaware student who completed his Bachelor's Degree program and satisfied all requirements to be conferred his Diploma effective May, 2019. He has initiated this action in order to challenge a decision rendered by Defendant University of Delaware ("University") regarding an alleged violation of the University's Sexual Misconduct Policy ("Policy"), including the lack of jurisdiction, excessive Sanctions, the lack of legally required procedural protections, an erroneous outcome under 20 U.S.C. § 1681 ("Title IX"), Civil Rights violations based on denial of Due Process under 42 U.S.C. § 1983 for breaches of his statutory and Constitutional rights, Breach of Contract, Specific Performance, Declaratory Judgment, and *quasi*-contract claims asserted in the alternative.

2. In sum, Doe contends that the University: 1) should not have ever taken cognizance over a woman's complaint alleging a violation of the Policy; 2) denied him his Due Process Rights

and the right to his Degree, Diploma, and Transcript; 3) violated Title XI; 4) had no legal authority to suspend him after he was no longer a student and completed all agreed upon requisites to receive his Diploma and Degree; and 5) imposed an impermissible Sanction, to-wit: the suspension of a non-student.[1]

    3.    In *Doe v. Megless*, 654 F.3d 404, 409-10 (3rd Cir. 2011), the 3rd Circuit Court of Appeals endorsed a 9-factor test for a party's use of a pseudonym based upon the opinion in *Doe v. Provident Life And Accident Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997):

> (1) the extent to which the identity of the litigant has been kept confidential;
>
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
>
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
>
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;
>
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to this refusal to pursue the case at the price of being publicly identified;
>
> (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives;
>
> (7) the universal level of public interest in access to the identities of litigants;
>
> (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants identities, beyond the public's interest which is normally obtained; and
>
> (9) whether the opposition to pseudonym by counsel, the public, or

---

[1] Other disciplinary penalties, including a written reprimand and a ban from entering any University campus and enrolling in any programs or activities, were the only Sanctions available and could and would have sufficed.

2

the press is illegitimately motivated.

4. <u>Prior Confidentiality</u>. Turning to the first factor of the 9-part test, the identity of Doe and the Complainant has been kept confidential throughout the course of the University's disciplinary proceedings, from its inception with the filing of a complaint by a female, whose name is anonymously referred to in Doe's Complaint as "Roe," all the way through the final appeal decision rendered in July, 2019. And Doe's identity has not been revealed in any public forum or in this action. Consequently, the first factor of the 9-part test is satisfied in favor of pseudonymity.

5. <u>Fear Of Public Reprisals & Attacks</u>. On the second factor, the reason that Doe fears disclosure of his name is the reality that it is impossible to "unring the bell" once a person has been publicly unveiled as a supposed sexual assault perpetrator. Particularly in light of the #MeToo movement and the extreme positions of certain public activists and advocates, along with the concomitant media attention (and sometimes hysteria), Doe is fearful that his reputation and very safety would be at risk if he were to be unmasked as an alleged sexual assault violator. More importantly, however, Doe would never be able to regain his innocence even if he were to prevail in this action and the charges were to be thrown out in their entirety. Under those circumstances, Doe satisfies the second factor of the pseudonymity test.

6. <u>Public Interest In Maintaining Confidentiality</u>. The public interest in insuring the confidential nature of Doe's identity in this action is high. Once again, Doe's identity as an alleged sexual assaulter can never be undone, even if he prevails in this action and is completely exonerated. Sexual assault allegations are toxic in the public realm, rendering anonymity for Doe a serious reputational and safety concern. If Doe had not filed this lawsuit, his identity would be forever anonymous since none of the confidential proceedings that took place in the University's sexual misconduct process will <u>ever</u> be publicly revealed. And the University's file will remain permanently confidential even if Doe does not prevail in this action. Accordingly, the public

3

interest weighs heavily in favor of maintaining Doe's identity strictly anonymous.

7. <u>Minimal Public Interest In The Parties' Identities</u>. As noted hereinbefore, there is a weak public interest in knowing Doe's identity. Doe should have the right to challenge the validity of the findings, which present a very strong case for lack of jurisdiction by the University <u>and</u> invalidation of the conclusion based upon numerous Constitutional Due Process violations suffered by Doe during the course of the sexual misconduct proceedings. And Doe should not be "outed" in order to seek redress based on his contract and *quasi*-contract claims. The public would never know of Doe's identity but for this action, which is necessary based upon the multitudinous legal violations alleged against the Defendants by Doe. Doe should not be caused to suffer public ridicule based upon his victimization at the hands of the Defendants. As a result, factor 4 of the anonymity test is satisfied.

8. <u>Undesirable Results Of Revealing Party Identities & Potential Denial Of Plaintiff's Right To Pursue Exoneration</u>. It would be quite undesirable to force Doe into a Hobson's Choice: either vindicate a violation of Federal Constitutional and Statutory protections and contract or *quasi*-contract rights <u>or</u> dismiss this action for fear of public attack and reputational harm by forcing Doe to proceed under his legal name. Doe should be able to exercise his legal rights and have the outcome of the University's sexual misconduct process invalidated without having to expose himself to public disdain and permanent negative impressions. As a consequence, the 5th factor of the anonymity test is met under the circumstances.

9. <u>Any Improper Motive For Pseudonymity</u>. Doe has no illegitimate ulterior motive for wishing to remain anonymous in this litigation. Indeed, he has entirely legitimate motives, which have been set forth herein. In fact, Doe has even insured that he will maintain the confidentiality of the Complainant, whom he has identified in his Complaint as "Roe." If Doe is

forced to reveal his true identity, then he obviously has the related right to identify Roe by her legal name, which would result in potential negative public perceptions about Roe (particularly if Doe ultimately prevails in this action and the finding of Responsible against him is invalidated). Therefore, the 6th factor of the anonymity test is passed.

10. <u>Any High Level Of Public Interest In Revealing The Parties' Identities</u>. There is no universal level of public interest in knowing the identities of Doe and Roe. Indeed, the circumstances cry out for confidentiality under the circumstances described herein. The public would never know of Doe and Roe were it not for this action, which is founded upon the supposition that Doe has been unjustifiably found Responsible, excessively sanctioned, and/or denied legal rights. And the public interest is still sufficiently served in case of anonymity since all other components of this action, other than the identities of Doe and Roe, are fully available for public review. Any public interest in insuring the University is complying with its Title IX requirements, taking complaints of sexual assault seriously, and protecting the female Complainant can be readily observed by all publicly available filings in this matter, without the need to know Doe and Roe's identities. So too is the public interest served for those that may want to see the rights of a male who was unjustly prosecuted upheld in Court. Finally, although there may be some public interest in this matter involving 2 University students who had a drunken encounter in the Complainant's bedroom at her off campus apartment outside of the school year, there is no obvious universal public interest that should give cause to require revelation of Doe and Roe's identities. Thus, this factor of the pseudonymity test is met.

11. <u>Any Unique, *Supra*-Normal Circumstances Supporting A Finding Of Strong Public Interest In Unveiling The Parties' Identities</u>. Doe is not a public figure. Again, Doe's identity has thus far been unknown to members of the general public; the University's sexual misconduct

process has been strictly confidential. And all records regarding it will forevermore be maintained as confidential and non-disclosable to the public. Although the subject matter of the litigation may draw some level of interest in the issues, there is not such a strong interest in the litigants' actual identities. As noted hereinbefore, all of the other facts and circumstances, as well as the outcome of the claims and defenses, will be available to the public. The actual legal name of Doe is virtually irrelevant to any public interest; he is just a former University student seeking remedial relief. Thus, the 8th factor of the anonymity test is established.

12. <u>Any Illegitimate Motive Of Opponents To Pseudonymity</u>. It is not known if there is any opposition to pseudonym use by the public or the media. So Doe is not able to establish that any such opposition could be "illegitimately motivated." Opposing counsel has indicated that the Defendants do not oppose Doe proceeding under a pseudonym. The Defendants know who Doe is, as the confidential sexual assault process records and other descriptions of Doe in this action have been undoubtedly sufficient to identify him. But even if the Defendants do not know who Doe is, then that fact can be confidentially disclosed without unveiling Doe's true name for public consumption. Therefore, the 9th factor of the anonymity test also militates in favor of pseudonym use.

13. In this internet era, the naming of Doe for all the public to see would result in media and internet website dissemination of his identity broad and wide. In addition, one can never erase information posted on the internet, unless web postings get taken down. News outlets and activists and public interest groups are at liberty to refuse to remove information, even if Doe is completely exonerated pursuant to this action. This establishes that the harm that would potentially be caused by revealing his true identity would be long-lasting and highly damaging to his reputation. Under the circumstances, this case is the veritable "poster child" for allowing Doe (and his accuser) to

proceed under a pseudonym.

14. Finally, Title IX cases of this type are almost uniformly prosecuted under a pseudonym. For example, in *Doe v. Rutgers*, 2019 WL 1967021 (D.N.J., April 30, 2019), the Court held that the anonymity test was met by Title IX plaintiff "Jane Doe" based on the satisfaction of a majority of the 9-factor test adopted in *Doe v. Megless*. Here, Doe satisfies all 9 factors, establishing that an Order allowing him to proceed under a pseudonym is warranted.

15. Other "Doe" cases involving similar claims and circumstances include: *Doe v. Purdue University*, 928 F.3d 652 (7th Cir. 2019); *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018); *Doe v. Pennsylvania State University*, 336 F.Supp. 3d 441 (M.D. Pa. 2018); *Doe v. Pennsylvania State University*, 276 F.Supp. 3d 300 (M.D. Pa. 2017); *Doe v. Rector and Visitors of University of Virginia*, 2019 WL 2718496, Conrad, D.J. (W.D. Va., June 28, 2019); *Doe v. Alger*, 175 F. Supp. 3d 646, 657-58 (W.D. Va. 2016); and *Doe v. Rector & Visitors of George Mason University*, 149 F. Supp. 3d 602, 622 (E.D. Va. 2016). The plaintiff's use of a pseudonym in cases of this nature is a well-settled practice (for fairly obvious reasons). Doe should likewise be permitted to proceed pseudonymously in this action.

WHEREFORE, Doe respectfully requests that this Court enter an Order in accordance with the form attached, granting him Court permission to proceed under pseudonymous name.

/s/ Richard L. Abbott
_____
Richard L. Abbott, Esquire (Bar I.D. #2712)
ABBOTT LAW FIRM
724 Yorklyn Road, Suite 240
Hockessin, DE 19707
(302) 489-2529

Attorneys for Plaintiff

Dated: December 3, 2019