# ABBOTT LAW FIRM LLC

RICHARD L. ABBOTT, ESQ.
302.489.ALAW
RICH@RICHABBOTTLAWFIRM.COM

August 17, 2020

**VIA ELECTRONIC FILING ONLY**

The Honorable Jennifer L. Hall
United States District Court of Delaware
844 North King Street, Unit 17
Wilmington, DE 19801

  Re: Doe v. University of Delaware, et al.
     U.S. Dist. Ct., D. Del. C.A. No. 1:19-cv-01963-MN

Dear Magistrate Judge Hall:

  Please accept this as the Supplemental Letter Brief of Plaintiff John Doe ("Doe") regarding *Doe v. University of the Sciences*, 961 F.3d 203 (3d Cir. 2020) ("*USciences*") pursuant to Your Honor's Order entered on August 11, 2020 in the above-captioned action.

  Doe submits that *USciences* materially affects the pending Motion to Dismiss. The fact pattern is similar. *USciences* involved college student sexual assault allegations that were adjudicated pursuant to a "single-investigator model" akin to the circumstances in the case at bar. The claims at issue in *USciences* also similarly included a claim against a University under Title IX, 20 U.S.C. § 1681(a), and a claim for Breach of Contract which was the functional equivalent of a Due Process claim.

  A. *USciences* Is Dispositive Of Doe's Title IX Claim; It is Well Pled

  At the outset, the Third Circuit adopted the holding of the 7th Circuit in *Doe v. Perdue University*, 928 F.3d 652, 667-68 (7th Cir. 2019): "Do the alleged facts, if true, raise a plausible inference that the university discriminated against [the student] on the basis of sex?" *USciences* at 209. The Third Circuit then applied that test to conclude that a

The Honorable Jennifer L. Hall
United States District Court of Delaware
August 17, 2020
Page 2

plausible Title IX claim was pled based upon two (2) allegations: 1) the school "yielded to external pressure when implementing and enforcing the Policy"; and 2) "sex was a motivating factor in [the school's] investigation and decision to impose discipline." *Id.* Specifically, the Complaint in *USciences* alleged that the school "succumbed to pressure from the Federal government" based upon a 2011 "Dear Colleague Letter" issued by the United States Department of Education by limiting procedural protections afforded to male students in sexual misconduct cases. *Id* at 209-210. The plaintiff in *USciences* further alleged that such Federal encouragement caused the school to address sexual violence against women in a fashion that violated the Civil Rights of men and treated men differently than women. *Id.* at 210.

Similarly, Doe has alleged that he was discriminated against based upon sex pursuant to the University's denial of his Constitutional Due Process Rights to confront the Complainant and receive some type of hearing on the charges. Doe further alleges that Federal influence caused the Defendants to discriminate against males who are typically the accused in an effort to Unconstitutionally coddle and shield the typically female complainants. In addition, as in *USciences*, Doe further alleges that the Defendants' were improperly motivated by sex.

Additionally, as in *USciences* Doe alleged sex-motivated investigation and enforcement by carrying out a practice of taking cognizance over female complaints against male respondents despite the lack of jurisdiction, which constitutes discrimination based upon sex. In *USciences*, the Third Circuit held that "when Doe's allegations about

The Honorable Jennifer L. Hall
United States District Court of Delaware
August 17, 2020
Page 3

<u>selective investigation and enforcement are combined with his allegations related to the pressure applied by the 2011 Dear Colleague Letter, we conclude that he states a plausible claim of sex discrimination</u>." *USciences* at 211, citing *Perdue* and *Doe v. Baum*, 903 F.3d 575, 586-87 (6th Cir. 2018)(emphasis added).[1]  So too has Doe adequately pled a Title IX claim.

      B.    *USciences* Also Establishes That Doe Sufficiently Alleged Due Process Claims

Because the school involved in *USciences* was private, not public like the University of Delaware, the Constitutional Due Process arguments presented by Doe in the instant action were not raised. But the functional equivalent of procedural Due Process claims were raised in the context of the Breach of Contract claim in *USciences*.

The Court held that the private contractual "fair hearing" or "fair process" provisions required a judicial or administrative hearing conducted in accordance with Due Process. *USciences* at 212. Although decided under Pennsylvania contract law, the Third Circuit held that "<u>notions of fairness…include providing the accused with a chance to test witness credibility through some form of cross-examination and a live, adversarial hearing during which he or she can put on a defense and challenge evidence against him or her</u>." *USciences* at 214 (emphasis added). The Court went on to observe that "Federal notions

---

[1] In his Answering Brief, Doe relied upon the holdings in the 6th and 7th Circuit decisions: *Baum* and *Perdue*.

The Honorable Jennifer L. Hall
United States District Court of Delaware
August 17, 2020
Page 4

of fairness in student disciplinary proceedings are consistent with those recognized in Pennsylvania's *jurisprudence*." *USciences* at 215.

Relying upon *Perdue* and *Baum*, the Court also held that:

> **[T]he basic elements of federal procedural fairness in a Title IX sexual-misconduct proceeding include a real, meaningful hearing, and when credibility determinations are at issue, the opportunity for cross-examination of witnesses.** *USciences* at 215 (emphasis added).

Here, Doe has alleged that his Constitutional Due Process Rights were violated by the Defendants since the single-investigator model utilized deprived him of: 1) a real, adversarial hearing; and 2) an opportunity to cross-examine witnesses – including his accuser. Consequently, *USciences* establishes that Doe has adequately pled a claim for violation of his Constitutional Right to Due Process.

    C.    *USciences* Provides A Primer On The Serious Harm To Doe & The Federal Pressure The Defendants Improvidently Buckled Under To

Finally, the Third Circuit's discussion of the "grave consequences" of a finding of responsibility for sexual misconduct and of the U.S. Department of Education's threats of a potentially "ruinous" denial of Federal funds to colleges and universities that did not abide by the 2011 Dear Colleague Letter (despite its status as mere "guidance"), exemplify the serious nature of Doe's claims and the harm caused by denial of his Title IX and Federal Constitutional Rights. *See USciences* at 213. In his Complaint, Doe alleges that the University caved to the 2011 Dear Colleague Letter, ignored its 2018 rescission, and utilized the single-investigator model despite its denial of fundamental Due Process Rights

The Honorable Jennifer L. Hall
United States District Court of Delaware
August 17, 2020
Page 5

to cross-examine and receive a meaningful, real hearing.  Consequently, the holdings in *USciences* are cause for denial of the Motion.

                                                Respectfully submitted,

                                                Richard L. Abbott

RLA:cth
File No.: 613.01

cc:    James D. Taylor, Esquire – Via E-Filing Only